■ MAYER RUBINFELD, Appellant, v. BARUCH MAPPA et al., Respondents.—In a representative action for an accounting and to impress a trust on certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County, entered March 6, 1964 (see 42 Misc 2d 464), which granted the defendants' motion to vacate and to cancel of record a *lis pendens* theretofore filed against such property. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Benjamin, J., concurs in the result, with the following memorandum: The intervening rights of subsequent innocent purchasers for value renders moot the remedy afforded by a *lis pendens*. In my opinion, however, a *lis pendens* may properly be filed in a derivative stockholder's action (such as the one at bar) if the relief sought comes within the provisions of the *lis pendens* statute, namely: if the action is one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). The mere fact that the action is representative or derivative should not be controlling.

■ SHIRLEY STERN, Appellant, v. AARON R. STERN, Respondent.— In an action by a wife for a judicial separation, in which: (a) a judgment had been entered March 24, 1964 in the husband's favor, dismissing the complaint and containing other provisions (see 22 A D 2d 853); and (b) a subsequent order had been entered June 3, 1964 directing the wife to submit to an examination with respect to certain specified matters, the wife appeals from an order of the Supreme Court, Queens County, entered March 17, 1965: (1) which granted the husband's motion insofar as it sought to adjudge her guilty of contempt by reason of her noncompliance with the terms of said judgment and prior order for her examination, but which permitted her to purge herself upon compliance with certain stated conditions; (2) which referred to Hon. SAMUEL S. TRIPP for hearing and report so much of the husband's motion as sought to modify the judgment with respect to the custody of the children; and (3) which held in abeyance the branch of the husband's motion as to the children's custody. Order appealed from, insofar as it relates to the contempt, affirmed, without costs. Appeal from order, insofar as it relates to the custody of the children, dismissed, without costs. An order referring a motion or issues arising upon a motion to a Referee to hear and report is ordinarily not appealable (cf. *Appelbaum* v. *Perlmutter*, 2 A D 2d 894; *Bazel* v. *Bazel*, 282 App. Div. 952). Beldock, P. J., Ughetta, Christ, Hill, and Rabin, JJ., concur.